846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Paul LAROQUE, Plaintiff-Appellant,
v.
BUREAU OF PRISONS, Norman A. Carlson, Butner, F.C.I., Sam
Samples, Mark Jackovich, Defendants-Appellees.
 No. 88-7029.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 25, 1988.
 
 George Paul LaRoque, appellant pro se.
 Samuel Thomas Currin, United States Attorney, for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 George Paul LaRoque, a federal inmate, appeals from the judgment of the district court modifying a dismissal of a previous civil action in compliance with our mandate, to indicate that the dismissal was without prejudice. We affirm.
 
 
 2
 In LaRoque v. Bureau of Prisons, C/A No. 87-197-CRT, LaRoque sought injunctive relief and damages based upon his claim that he was entitled to credit against his federal sentence because of his incarceration in Australia allegedly at the request of the United States. The district court stayed further action on the case until such time as LaRoque had demonstrated that he had exhausted administrative remedies. Pursuant to LaRoque's objections to this procedure the district court dismissed the complaint for failure to exhaust administrative remedies. LaRoque appealed and we affirmed. Although we affirmed the dismissal we noted that it was without prejudice to LaRoque's refiling his petition and complaint after he had complied with the exhaustion requirement. Because the final judgment did not reflect that the dismissal was without prejudice we remanded the case to permit the district court to modify the judgment. LaRoque v. United States, No. 86-7705(L) (4th Cir. Aug. 6, 1987) (unpublished).
 
 
 3
 Subsequent to our remand LaRoque attempted to reactivate his case based upon a showing that he had exhausted his administrative remedies. Although this option had been available when the district court had stayed the proceedings in lieu of dismissing the case, a procedure which LaRoque had objected to, the option was lost when the district court, on LaRoque's motion, dismissed the action.
 
 
 4
 In its order modifying the judgment to indicate that it was without prejudice the district court correctly noted that there was no case pending before it. The denial of the "motion for subpoena duces tecum," therefore, was not improper. This does not mean, however, that LaRoque is foreclosed from attempting to obtain the relief he claims. To be sure, a dismissal without prejudice means that LaRoque is permitted to commence another civil action seeking the relief that he previously sought.
 
 
 5
 We dispense with oral argument because the dispositive issues have been decided authoritatively and affirm the judgment below.
 
 
 6
 AFFIRMED.